Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 450 | **DATE** | 10/29/2003 |
| **CASE TITLE** | USA vs. Babajide Sobitan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 11/5/03 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss the superseding indictment under 18 USC 3161 for violation of the speedy trial act [23-1] is granted without prejudice. This case is ordered stayed until 11/5/03. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | OCT 3 0 2003 date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice |
| | | | mailing deputy initials |

Document Number 29

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
OCT 30 2003

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) |
| v. | ) No: 03 CR 450<br>) |
| BABAJIDE SOBITAN, a.k.a.<br>PAUL A. MAKINDE | ) Judge John W. Darrah<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

The United States of America ("the Government") brought a one-count Superseding Indictment against the Defendant, Babajide Sobitan, for illegally attempting to enter the country in violation of 8 U.S.C. § 1326(a). Presently before the Court is the Defendant's Motion to Dismiss the Superseding Indictment Under 18 U.S.C. § 3161 for Violation of the Speedy Trial Act. For the reasons that follow, the Defendant's Motion is granted, and the Superseding Indictment is dismissed without prejudice.

## BACKGROUND

In 1996, the Defendant was deported from the United States for committing drug-related felonies. On April 29, 2003, the Defendant was arrested at O'Hare International Airport as he proceeded through Immigration. On April 30, 2003, he was charged, in a one-count criminal complaint, with a violation of 8 U.S.C. § 1326(a) and (b), that he "entered, attempted to enter, or was found in the United States" without first obtaining the approval of the Attorney General after having been previously deported from the United States. Accompanying the complaint, however, was an affidavit from Lori Glud, a Senior Immigration Inspector. The affidavit concludes as follows:

> "Based on the foregoing information and my experience in investigating reentry cases, I believe there is probable cause to believe that Babajide Olumuyiwa SOBITAN has violated Title 8, United States Code, Section 1326 (a) and (b) by *attempting entry into* the United States when he has not received prior authorization to come to, enter, and reside in the United States" (emphasis added).

(Aff. of Lori Glud, Criminal Compl. (emphasis added)).

On May 27, 2003, the Special February 2002-1 Grand Jury returned a one-count Indictment against the Defendant. The Indictment charged the Defendant with being "*present and found in* the United States" after having been deported without previously obtaining the consent of the Attorney General. (Indictment, May 27, 2003 (emphasis added)). The Defendant was arraigned, motion schedules were set, and the case was set for trial on August 18, 2003.

On August 12, 2003, the Government sought and obtained a Superseding Indictment charging the Defendant with "knowingly and intentionally *attempt[ing] to enter* the United States" without having previously obtaining the consent of the Attorney General. (Superseding Indictment, Aug. 12, 2003 (emphasis added)).

## ANALYSIS

The Speedy Trial Act requires that any "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The Defendant contends he was arrested and charged in the complaint with *attempting to enter* into the United States and that he was not indicted on this charge until the Superceding Indictment was returned, stating this offense, 105 days later, in violation of the Speedy Trial Act.

In support of his argument, the Defendant cites *United States v. Martinez-Espinoza*, 299 F.3d 414 (5th Cir. 2002). There, the defendant was charged in a criminal complaint with

2

attempting to illegally enter the United States without the permission of the Attorney General. Before the thirty-day time limit expired, the Government indicted the defendant with the offense of being found in the United States illegally without the permission of the Attorney General. After the thirty-day time limit expired, the Government filed a superseding indictment charging the defendant with attempting to enter the United States. The court held that the original charge of being found in the United States did not toll the Speedy Trial Act's thirty-day rule because being found in the United States was a different offense than attempting to enter the United States. Therefore, the superseding indictment the Government obtained for the attempted entry offense was outside the thirty-day limit and was required to be dismissed.

Similarly, here, the Government first charged the Defendant with attempting to enter the United States and then indicted him with the being found in the United States. The Government next obtained a Superseding Indictment for the Attempted Entry offense. That Superseding Indictment must be dismissed because it was obtained outside the Speedy Trial Act's required time limit.

The Government contends that the "attempting to enter" and "found in" the United States charges are pled in the original complaint; and, therefore, *Martinez-Espinoza* is not controlling. However, the complaint in this case charged the Defendant with a single offense – attempting to enter the United States after having been lawfully deported without first obtaining the permission of the Attorney General. The affidavit attached to the complaint is made a part of the criminal complaint, according to the face of the complaint. Those facts only provide probable cause for one offense – attempting to enter the United States. The complaint must be read in a common sense, unitary manner and cannot be separated as the Government attempts to here. *See United*

3

States v. *Leftenant*, 341 F.3d 338, 343-44 (4th Cir. 2003) (rejecting the Government's attempt to recast the nature of the criminal complaint); *United States v. DeRose*, 74 F.3d 1177, 1183 (11th Cir. 1996) (explaining that the "mere presence of statutory language of the substantive offense [does not] demonstrate[] that the complaint contained the substantive charge"). Therefore, only one charge was charged in the complaint – being found in the United States without first obtaining the permission of the Attorney General. The Superseding Indictment must, therefore, be dismissed.

There remains the issue of whether the dismissal of the Superseding Indictment shall be with or without prejudice. "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1); *accord United States v. Taylor*, 487 U.S. 326, 342 (1988). Courts must also weigh the seriousness of the charged offense against the speedy trial violation. *United States v. Perez*, 2002 US Dist LEXIS 12169, at * 12 (N.D. Ill. July 3, 2002) (citing *United States v. Carreon*, 626 F.2d 528, 532 (7th Cir. 1980)).

Illegal reentry into the United States after committing a dangerous felony is a serious offense. *See United States v. Mancia Perez*, 331 F.3d 464, 468 (5th Cir. 2003); *United States v. Pena-Carillo*, 46 F.3d 879, 882 (9th Cir. 1995).

In this case, the Defendant was previously convicted of multiple drug-related felony offenses, including: (1) possession with the intent to distribute heroin and aiding and abetting;

and (2) conspiracy to possess with the intent to distribute and distribute heroin. Therefore, the illegal reentry of the Defendant into the United States is found to be a serious offense.

When evaluating the reason for the delay, courts must examine "the role played by the Government and the defendant in causing the speedy trial violation and assess responsibility for the delay." *Perez*, 2002 US Dist LEXIS 12169, at *14 (citing *Taylor*, 487 U.S. at 338-40). The Government is more culpable if it intentionally delayed to obtain a tactical advantage than if the Government inadvertently neglected the matter. *Perez*, 2002 US Dist LEXIS 12169, at * 14-15.

Here, the Government mistakenly indicted the Defendant on the wrong charge. In prior cases, the Government used the "found in" language of § 1326(a) to prosecute all violators at O'Hare Airport. However, this language was challenged in another § 1326 case in another court. The Government, therefore, obtained a Superseding Indictment against the Defendant, stating the "attempted to enter" charge of § 1326(a), to avoid any such problems in this case. The Defendant, moreover, cannot point to any intentional delay used by the Government as a tactical advantage, nor can the Defendant point to a series of neglect and repeated abuses. These circumstances do not warrant a dismissal with prejudice.

The impact on the administration of justice and the application of the Speedy Trial Act caused by a reprosecution of this case must also be considered. "The court's analysis of this factor is guided by three factors: (1) whether the defendant was prejudiced by the delay; (2) whether the Government intentionally sought to delay the trial; and (3) whether the circumstances causing the delay are likely to recur." *Perez*, 2002 US Dist LEXIS 12169, at * 16 (citing *Carreon*, 626 F.2d at 533).

Here, there is no allegation or showing that the Defendant was prejudiced by the delay. Moreover, the Defendant does not claim that the Government intentionally delayed the trial. Finally, it is highly unlikely that these circumstances would occur again. The administration of justice and the application of the Speedy Trial Act will not be negatively impacted by dismissing the case without prejudice to reindict the Defendant.

## CONCLUSION

Therefore, the Court orders that the Defendant's Motion to Dismiss the Superseding Indictment is granted without prejudice.

Dated: October 29, 2003

JOHN W. DARRAH
United States District Judge